IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ELVIS TOUSSAINT,

    Plaintiff,

v.                                                                                        Case No.:

WAL-MART ASSOCIATES, INC.
a Foreign Profit Corporation

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, ELVIS TOUSSAINT ("Plaintiff"), by and through the undersigned counsels, and hereby sues Defendant, WAL-MART ASSOCIATES, INC., ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injuries resulting from Defendant's unlawful race-based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff is a Black individual, and within a class of individuals protected by §1981.

6. Plaintiff began employment with Defendant on or about November 7, 2011 as an Assistant Manager.

7. Thereafter, on or about 2014, Plaintiff was promoted to Co-manager.

8. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to constant discriminatory treatments based on his race.

9. For instance, after Plaintiff received the promotion, his Store Manager, James Reinard ("Mr. Reinard") (White individual), treated Plaintiff and other Black employees differently than non-Black individuals.

10. Mr. Reinard was constantly complaining against Plaintiff's work until on or about 2016, he gave Plaintiff two options – "step down or get transferred" while non-Black individuals were not subjected to such derogatory and/or prejudiced ultimatums.

11. Ultimately, on or about 2016, Mr. Reinard transferred Plaintiff to a different store where Plaintiff received a pay cut of approximately six-thousand dollars ($6,000.00). Also, Plaintiff was demoted to Assistant Manager.

12. Upon Plaintiff's arrival at the new store, the Store Manager, Dylan Paradise ("Mr. Paradise"), began to treat Plaintiff very poorly in comparison to his non-Black colleagues.

13. In fact, Mr. Paradise never yelled at the non-Black individuals although Plaintiff's work was done better and/or the similarly to his non-Black colleagues.

14. Ultimately, on or about August 17, 2018, Plaintiff gave his resignation letter to Mr. Paradise while Defendant simultaneously mailed Plaintiff a termination letter on aforementioned date without Plaintiff's knowledge.

15. Upon information and belief, Defendant's reason (if any) to terminate plaintiff's employment is merely pretextual.

16. The discrimination perpetrated by Defendant was specifically due to Plaintiff's race.

17. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

## COUNT I
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

19. Plaintiff is a member of a protected class under § 1981.

20. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

21. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

22. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

23. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

24. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

25. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

26. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

27. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

28. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

29. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 12, 2018

Respectfully submitted,

/s/*Nathaly Lewis*
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No. 118315
nl@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005